**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney Ladell Quinn, et al., | No. CV-18-08111-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Alvin Jerome Harris, et al., | |
| Defendants. | |

## INTRODUCTION

Pending before the Court is the motion for summary judgment filed by Defendants Alvin Jerome Harris ("Harris") and Blue Earth Express, LLC (together, "Defendants") on the claims asserted by Plaintiff Rodney Ladell Quinn ("Quinn"). (Doc. 28.)[1] Also pending is a motion to strike Defendants' notice of non-party at fault. (Doc. 34.)

This case arises from a May 2016 collision between vehicles driven by Harris and Quinn. (Doc. 28.) Quinn and passenger Jesse Morrison ("Morrison") (together, "Plaintiffs") brought the present action against Defendants in May 2018. (Doc. 1.) However, Defendants previously sued Quinn (but not Morrison) in state court over the same collision and secured a default judgment against Quinn.

Defendants now move for summary judgment under the theory that Quinn's claims in this lawsuit are precluded by the doctrine of res judicata and the Full Faith and Credit

---

[1] Quinn requested oral argument (Doc. 30), but the Court will deny the request because the issues have been fully briefed and oral argument will not aid the Court's decision. See Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

Act, 28 U.S.C. § 1738. (Doc. 28.) In response, Quinn argues the default judgment was improperly entered against him in the state-court action because he was never properly served in that case. (Doc. 30.)

For the following reasons, the Court will grant Defendants' motion for summary judgment, with the proviso that Quinn may seek reconsideration of this ruling if he prevails in his ongoing effort to persuade the state-court judge to vacate the default judgment. The Court also will deny Plaintiffs' motion to strike.

**BACKGROUND**

On May 26, 2016, Quinn and Harris were involved in a collision on I-40 in Coconino County, Arizona. (Doc. 28-3 at 2.) Defendants sued Quinn (and others) in connection with that collision in Coconino County Superior Court, filing their amended complaint in June 2017. (Doc. 28-2.)

Defendants twice attempted to serve Quinn with their state-court amended complaint by sending a process server to the address in Pasadena, California that Quinn provided at the time of the collision. (Doc. 28-4 at 6.) During the second attempt, on July 18, 2017, the process server spoke with Quinn's mother, who stated that Quinn no longer lived at that address and that she was willing to accept the documents but did not know when she would see Quinn. (*Id.*) She refused to provide Quinn's updated address. (*Id.*)

On August 31, 2017, Defendants filed an "Affidavit of Compliance of Service Through Non-Resident Motorist Act Upon Defendants Rodney L. Quinn and Jane Doe Quinn" with the Coconino County Superior Court. (Doc. 28-4.)

On May 25, 2018, Plaintiffs filed the present action in this Court. (Doc. 1.) The action stems from the same May 2016 collision. (*Id.* ¶ 1.)

On September 4, 2018, Defendants filed their answer, in which they "[a]ffirmatively assert the claim of Plaintiff Quinn is barred by the principles of res judicata based on Plaintiff Quinn's default in Coconino County Superior Court No. CV2017-00032, *Alvin J. Harris, Blue Earth Express, LLC and Lancer Insurance Company v. Rodney L. Quinn, et al.*, in which action Plaintiff Quinn could have raised his compulsory counterclaim relating

to his alleged injuries which he asserts herein." (Doc. 13 ¶ 15.)

On October 31, 2018, the state court entered a default judgment against Quinn, which became final on November 6, 2018. (Doc. 28-6.)

On February 1, 2019, Defendants filed a notice of non-party at fault pursuant to Rule 26(b)(5) of the Arizona Rules of Civil Procedure. (Doc. 29.) This notice identifies two such non-parties: (1) "the owner or owners of the animal or animals that caused Plaintiff Quinn to stop or nearly stop on an interstate highway in the presence of following traffic" and (2) Quinn (on the theory that he may become a nonparty if the motion for summary judgment is granted). (Doc. 29.)

On February 19, 2019, Quinn filed a motion with the state court to vacate the default judgment. (Doc. 32 at 5-8.) In that motion, Quinn argues, as he does here, that he was not properly served with process in the state-court case. (*Id.*) The state court has not yet ruled on that motion.

**DISCUSSION**

I.  Motion for Summary Judgment

    A.  **Legal Standard**

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "If . . . [the] moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103.

"Summary judgment is appropriate when 'there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law.'" *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). "A genuine dispute of material fact exists if 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *United States v. JP Morgan Chase Bank Account No. Ending 8215 in Name of Ladislao V. Samaniego, VL: $446,377.36*, 835 F.3d 1159, 1162 (9th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). The court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference in the nonmoving party's favor." *Rookaird*, 908 F.3d at 459. Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

B. **Claim Preclusion**

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to "give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (quotation omitted); *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). Accordingly, the Court looks to Arizona law to determine the preclusive effect of the Coconino County Superior Court default judgment against Quinn. *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) ("We therefore look to the law of the state of Arizona to determine the res judicata effect of the judgment in the state contract action.").

Under Arizona law, "a final judgment may preclude later litigation of other causes of action based on the transaction or series of transactions out of which an action arises." *Crosby-Garbotz v. Fell in & for Cty. of Pima*, 434 P.3d 143, 148 (Ariz. 2019). For claim preclusion to apply, there must be "(1) an identity of claims in the suit in which a judgment

was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *Peterson v. Newton*, 307 P.3d 1020, 1022 (Ariz. Ct. App. 2013) (quotation omitted); *see also Dressler v. Morrison*, 130 P.3d 978, 981 (Ariz. 2006) ("Under the doctrine of claim preclusion, a final judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same claim."). Claim preclusion applies even when, as here, the final judgment in the first action is entered after the second action is filed. *Murphy v. Bd. of Med. Exam'rs*, 949 P.2d 530, 538 (Ariz. Ct. App. 1997). Further, in Arizona, claim preclusion prevents parties from bringing claims in subsequent actions that should have been brought as compulsory counterclaims in an earlier action. *Mirchandani v. BMO Harris Bank, N.A.*, 326 P.3d 335, 337 (Ariz. Ct. App. 2014) ("Compulsory counterclaims arise from the same transaction or occurrence that was the subject matter of the opposing party's claim; and if such claims are not pled in the first action, they are waived and barred in any subsequent action under the doctrine of claim preclusion.").

Defendants have established all three elements of the test. First, Quinn's claims here arise from the same collision that was the subject of the state-court action and, thus, should have been brought in that action as compulsory counterclaims. Second, the default judgment in the state-court action constitutes a final judgment. *Tech. Air Prods., Inc. v. Sheridan-Gray, Inc.*, 445 P.2d 426, 428 (Ariz. 1968) ("A default judgment has the same res judicata effect as a judgment on the merits where the issues were litigated. We would circumvent the purpose of Rule 13(a) if we were to rule that a claim which was the subject of a compulsory counterclaim is not barred in a subsequent suit merely because judgment was taken by default rather than on the merits."). Quinn's pending motion to vacate does not alter the finality of the default judgment. Ariz. R. Civ. P. 60(c)(2) ("The "motion [to 'relieve a party or its legal representative from a final judgment, order, or proceeding'] does not affect the judgment's finality or suspend its operation."); *Murphy*, 949 P.2d at 538 ("In Arizona, a judgment is final when entered, even if it may be appealed."). And third,

Quinn and both Defendants here were parties in the state-court action.[2]

It should be noted that both parties indicated, in their respective briefs, that it would be permissible from their perspective for the Court to simply decline to rule on the pending summary judgment motion until the state-court judge rules on Quinn's pending motion to vacate the default judgment.[3] Although this is not an unreasonable proposal, the Court declines to follow it. As things currently stand, the default judgment against Quinn is a final judgment of a state court that is entitled to deference under the Full Faith and Credit Act. That statute does not come equipped with a pause button. Accordingly, Quinn's claims are precluded and Defendants' motion for summary judgment must be granted. However, if the state court later vacates the default judgment, Quinn may file a motion to set aside the portion of this order granting summary judgment on his claims.[4]

II. Motion to Strike

Under Arizona law, in a personal injury, property damage, or wrongful death action, "[e]ach defendant is liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault . . . ." A.R.S. § 12-2506(A). To determine each defendant's percentage of the fault, the trier of fact considers "the fault of all persons who contributed to the alleged injury, death or damage to property, regardless of whether the person was, or could have been, named as a party to the suit." *Id.* § 12-2506(B).

---

[2] Because Morrison was not a party in the state-court action, Defendants' summary judgment motion does not encompass his claims—it is directed only toward Quinn.

[3] In his response to the summary judgment motion, Quinn wrote: "In the event that the Court may be inclined to grant Defendants' Motion for Summary Judgment at this juncture for any reason, then alternatively, Plaintiff Quinn respectfully requests that the Court stay Defendants' Motion for Summary Judgment pending resolution of Plaintiff Quinn's Motion to Vacate Judgment in the State Court Action." (Doc. 30 at 4.) In their reply, Defendants wrote: "In light of Plaintiff Quinn's request to stay the motion for summary judgment pending resolution of Mr. Quinn's motion to vacate judgment filed in state court, it would be acceptable to Defendants for this Court to defer ruling on the Motion so long as the state court conducts an evidentiary hearing to address the issue of Service." (Doc. 36 at 10.) Defendants also emphasized that "[t]his Motion and the state court motion filed by Mr. Quinn should be handled in such a way as to avoid the two courts reaching inconsistent results on the issue of the validity of service." (*Id.*)

[4] In the event that Quinn files such a motion, it should indicate whether Defendants oppose the motion and intend to file a written response.

Rule 26(a)(5) of the Arizona Rules of Civil Procedure provides the procedural requirements for filing a notice of nonparty at fault. The Rule states, in relevant part, that a party must serve a notice "disclosing any person: (A) not currently or formerly named as a party in the action; and (B) whom the party alleges was wholly or partly at fault under A.R.S. § 12-2506(B)." It further states that the notice "must disclose the identity and location of the nonparty allegedly at fault, and the facts supporting the allegation of fault."

Plaintiffs contend that Defendants' disclosure of "the owner or owners of the animal or animals that caused Plaintiff Quinn to stop or nearly stop on an interstate highway in the presence of following traffic" (Doc. 29 at 1) is "ambiguous, overbroad, and vague" because Defendants failed to (1) "disclose the identity and location of the nonparty allegedly at fault" or (2) "disclose facts that support their allegation as to why these unknown non-parties that may be animal owners are at fault . . . ." (Doc. 34 at 2.)

Defendants' inability to disclose the precise identity and location of the animal owner(s) is not fatal to their notice of nonparty at fault. Although Rule 26(a)(5) specifies that the notice "must disclose the identity and location of the nonparty allegedly at fault," Arizona courts have held that this procedural requirement cannot curtail the rights established by A.R.S. § 12-2506. *State v. Mahoney in & for Cty. of Maricopa*, 442 P.3d 374, 376–77 (Ariz. Ct. App. 2019). In *Mahoney*, the Arizona Court of Appeals held that failure to disclose the identity and location of a nonparty allegedly at fault is not fatal to the notice, regardless of whether the defendant tried without success to find the nonparty. *Id.* The court noted that "any suggestion" to the contrary in *Scottsdale Ins. Co. v. Cendejas*, 205 P.3d 1128 (Ariz. Ct. App. 2009), was "*dictum*" and clarified that "Rule 26(b)(5) is in service of a defendant's substantive right to have the jury assess fault to a nonparty – regardless of whether the plaintiff may hail that nonparty into court." *Mahoney*, 442 P.3d at 377. "Under § 12-2506(A) . . . the issue is whether the defendant's notice discloses 'facts sufficient to establish *the existence* of another tortfeasor, despite the inability to further identify the tortfeasor.'" *Id.* at 376 (quoting *Rosner v. Denim & Diamonds, Inc.*, 937 P.2d 353, 355 (Ariz. Ct. App. 1996)). In other words, a defendant "may name as a

nonparty at fault the individual who [contributed to the accident] even though [the defendant] cannot identify that person by name." *Id.* at 375.

As for the facts supporting the allegation of fault, the Court concludes they are adequate. Unlike in *Cendejas*, where it was impossible to discern any facts giving rise to liability, 205 P.3d at 1133 ("The notice . . . merely stated that Oxley might be at fault 'to the extent that' it performed 'any' work that might have caused or contributed to the fire."), here it is easy enough for the Court to infer that the unknown animal owners' alleged liability arises from their failure to keep their animals off the road. The unknown animal owners are analogous to the "unknown persons" or "unknown ATV riders" in *Mahoney* who allegedly opened a gate, allowing horses to wander onto a road. *Mahoney*, 442 P.3d at 375 ("The Plaintiffs alleged the State negligently failed to secure a gate in another fence that ran along the highway about a half-mile beyond the pasture. Discovery had revealed that hunters and hikers sometimes came and went through the pasture gate, and the State, joined by the Owners, filed a notice naming as nonparties at fault 'unknown persons' who opened the pasture gate without closing it."). Defendants' inability to name the animal owners and "to offer specifics" about how they failed to keep them off the road "are things the Plaintiffs may ask the jury to weigh at trial, but under these circumstances, they are not grounds for striking the notice of nonparty at fault." *Id.* at 377.

Plaintiffs further assert that Defendants' disclosure of Quinn was inappropriate because he's a party to this action, and "[e]ven if Plaintiff Quinn were to lose his status as a party to this action, he would then be a former party, which is still an improper designation." (Doc. 34 at 3.) Defendants respond that Rule 26(a)(5) doesn't require the naming of former parties but also doesn't prohibit it, and they add that they "were being cautious in naming Quinn" to make sure his fault can be assessed even if he is no longer a party. (Doc. 35 at 5.)

Essentially, Plaintiffs and Defendants agree that Quinn's fault can be assessed by the finder of fact regardless of whether he remains a party, but they quibble over whether he should have been disclosed in the notice. Although the disclosure was probably

1  unnecessary—as a former party, Quinn's fault likely can be assessed without any
2  disclosure—including him in the disclosure has no significance or consequence. It is
3  unnecessary to analyze the text of Rule 26(a)(5) to determine whether the rule permits but
4  does not require the naming of former parties because it truly doesn't matter here. Either
5  way, Quinn's fault can be assessed. Quinn's inclusion in the notice is not causing any
6  problems, so it's not a valid reason to strike the notice.

Accordingly, **IT IS ORDERED** that:

(1) Defendants' motion for summary judgment (Doc. 28) is **granted**. If the state court vacates the default judgment, Quinn may file a motion to set aside the portion of this order granting summary judgment on his claims; and

(2) Plaintiffs' motion to strike (Doc. 34) is **denied**.

Dated this 31st day of July, 2019.

_____
Dominic W. Lanza
United States District Judge